IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CIARA KENDRA HARRISTON, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. GLR-23-2795 |
| TARGET CORP., et al., | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiffs Ciara and Charissa Harriston's Partial Motion for Summary Judgment (ECF No. 89). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will deny the Motion.

## I.    BACKGROUND

### A.    Factual Background

The Court previously described the factual background of this case in its September 25, 2024 Memorandum Opinion and accordingly will not reproduce the full background here. (See Sept. 25, 2024 Mem. Op. at 2–6, ECF No. 93). [1] In short, self-represented Plaintiffs Ciara and Charissa Harriston allege that while Ciara Harriston was employed at Target in Pikesville, Maryland as a Visual Merchandiser, her managers, Rick Kotras and

---

[1] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Kevin Lewis, discriminated and retaliated against her on account of her race, leading to her constructive discharge. (Pls.' Mem. L. Supp. Partial Mot. Summ. J. ["Mot"] ¶¶ 1–9, ECF No. 89).[2]

In particular, the Harristons allege: (1) Rick Kotras forced Ciara Harriston to clean the stockroom and reprimanded her when she did not, even though her white co-workers were not required to clean the stock room; (2) unnamed individuals sabotaged the mannequins Ciara Harriston was in charge of dressing for display and no one ever investigated who altered the mannequins; (3) unnamed individuals removed Ciara Harriston from all Target communications for over six months; (4) Kotras and Kevin Lewis ran Ciara Harriston's car "off the road," intentionally provoked a fight with her, and did not investigate when Ciara Harriston was "driven off in a truck by a stranger"; (5) Lewis forced Ciara Harriston to work with Kotras, even after Ciara Harriston reported harassment and threats from Kotras; (6) Lewis reassigned Ciara Harriston to work with an unnamed employee, even though that unnamed employee threatened Ciara Harriston "with a cart," and "the managers refused to let [Ciara Harriston] to look at camera footage" of the incident; and (7) "Lower-level and Upper-level Managers" refused to take any meaningful action to investigate Ciara Harriston's complaints. (Mot. ¶¶ 1–9).

As support for their claims, the Harristons attach several exhibits: (1) photos of the aforementioned mannequins; (2) a photo of a stock room; and (3) a picture of a computer

---

[2] The Court refers to Ciara Harriston by name when the allegations relate only to Ciara Harriston, but to "the Harristons" when the allegations concern both Ciara and Charissa Harriston.

screen. (Photos of Mannequins, ECF Nos. 89-1–89-3; Stock Room Photo at 1, ECF No. 89-4; Photo of Computer at 1, ECF No. 89-5).

**B.    Procedural History**

On October 16, 2023, the Harristons filed a lawsuit against Craig Bland, Justin Bruner, Brian C. Cornell, Kerri Heard, Emily Herbert, Mariah King, Richard Kotras, Melissa Kremer, Kevin Lewis, Jermaine Martin, John Mulligan, Brandon Nickel, Mark Schindele, Corey Schmidt, Rob Sexton, Samir Shah, Sarah Svoboda, and Target Corporation. (ECF No. 1). On March 25, 2024, the Harristons filed an Amended Complaint. (ECF No. 58). The six-count Amended Complaint alleges: discrimination in violation of 42 U.S.C. § 1981 (Count I); retaliation in violation of 42 U.S.C. § 1981 (Count II); negligent supervision (Count III); hostile work environment (Count IV); intentional infliction of mental distress (Count V); and constructive discharge (Count VI). (Am. Compl. at 26, ECF No. 58). On April 8, 2024, Defendants filed a Partial Motion to Dismiss. (ECF No. 69). The Harristons filed an Opposition on May 5, 2024. (ECF No. 80). On May 20, 2024, Defendants filed a Reply, (ECF No. 86). On May 26, 2024, the Harristons filed a Motion for Leave to file Surreply, (ECF No. 88), which this Court granted, (ECF No. 94).

On September 25, 2024, this Court issued a Memorandum Opinion and Order granting the Motion to Dismiss in part and denying it in part. (Sept. 25, 2024 Mem. Op. at 1, ECF No. 93; Sept. 25, 2024 Order, ECF No. 94). The Court dismissed the § 1983 claims as to Brian C. Cornell, Melissa Kremer, Emily Herbert, John Mulligan, Mark Schindele, Brandon Nickel, Mariah King, Jermaine Martin, Rob Sexton, Samir Shah, Keri Deacon,

Justin Bruner, and Sarah Svoboda (the "Pikesville Target Employees") and dismissed the negligent supervision claim and intentional infliction of emotional distress claim as to all Defendants. (Sept. 25, 2024 Order at 1–2). The remaining claims in this action are the discrimination, retaliation and constructive discharge claims under § 1981 against Target Corporation, Richard Kotras and Kevin Lewis, and the HIPAA, OSHA, and workers' compensation claims against all Defendants.

On May 28, 2024, the Harristons filed a Partial Motion for Summary Judgment (ECF No. 89). The Court construes the Harristons' Motion as seeking summary judgment on the following claims: § 1981 retaliation; § 1981 constructive discharge; Maryland common law constructive discharge; § 1981 hostile work environment; § 1981 discrimination; Occupational Safety and Health Act ("OSHA"), Maryland Occupational Safety and Health Act ("MOSHA"), Health Insurance Portability and Accountability Act ("HIPPA), and workers' compensation. (Mot. ¶¶ 1–10). Defendants filed an Opposition on October 8, 2024. (ECF No. 96). On October 21, 2024, the Harristons filed a Reply. (ECF No. 100).

## II.    DISCUSSION

### A.    <u>Standard of Review</u>

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. <u>Ricci v. DeStefano</u>, 557 U.S. 557, 586 (2009) (quoting <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007)); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986) (citing <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant

demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence." Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 247–48; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the

nonmoving party's favor. <u>Anderson</u>, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing on an essential element of his case where he has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322–23 (1986).

**B.    <u>Analysis</u>**

Because there are disputed material facts and there has been no opportunity for discovery, the Harristons' Motion for Summary Judgment will be denied.

### i.    **Retaliation, Constructive Discharge, and Hostile Work Environment**

The Harristons seek summary judgment as to their retaliation, constructive discharge, and hostile work environment claims under § 1981. (Mot. at 1). Defendants argue that summary judgment is inappropriate as a matter of law. (Mem. L. Opp'n Pls.' Partial Mot. Summ. J. ["Opp'n"] at 10, ECF No. 13). The Court will address each of the Harristons' claims in turn.

First, the Harristons are not entitled to summary judgment on their retaliation claim. To establish a claim of retaliation under § 1981, a plaintiff must prove "(1) that she engaged in a protected activity, as well as (2) that her employer took an adverse employment action against her, and (3) there was a causal link between the two events." <u>Boyer-Liberto v. Fontainebleau Corp.</u>, 786 F.3d 264, 281 (4th Cir. 2015) (internal quotations and citation omitted). Assuming without deciding that Ciara Harriston satisfies the first element of protected activity by reporting discrimination, (Mot. ¶ 3), as the record shows and the Court

explains below, there are material disputes of fact as to whether there was a causal link between the complaints and her ultimate resignation.

Second, the Harristons are also not entitled to summary judgment on their constructive discharge claim. To establish constructive discharge under § 1981, a plaintiff must demonstrate (1) the deliberateness of the employers' actions, motivated by racial bias, and (2) the objective intolerability of the working conditions. Freeman v. DalTile Corp., 750 F.3d 413, 425 (4th Cir. 2014). "Intolerability is assessed by the objective standard of whether a reasonable person in the employee's position would have felt compelled to resign . . . that is, whether he would have had no choice but to resign." Gaines v. Baltimore Police Dep't, 657 F.Supp.3d 708, 741 (D.Md. 2023) (quoting Perkins, 936 F.3d at 212). The Harristons fail to prove the first element because while the Harristons allege that Kotras treated Ciara Harriston differently from her white co-workers, (Mot. ¶ 3), Kotras denies ever discriminating against Ciara Harriston on account of her race, and nothing the Harristons offer in evidence proves otherwise. (Kotras Decl. ¶ 4, ECF No. 96-1). [3] Lewis similarly denies "retaliat[ing] against or t[aking] an action with the intent to retaliate against Ms. Harriston on account of her complaints." (Lewis Decl. ¶ 13, ECF No. 96-2).

_____

[3] The Harristons are also not entitled to summary judgment on constructive discharge under Maryland common law because Ciara Harriston's termination does not violate a clear mandate of public policy. Rosero v. Johnson, Mirmiran & Thompson, Inc., No. GLR-21-588, 2022 WL 899442, at *7–8 (D.Md. Mar. 28, 2022), aff'd, 2024 WL 773586 (4th Cir. Feb. 26, 2024) ("An employee asserting wrongful discharge must specifically identify the clear mandate of Maryland public policy that was violated by his termination. There must be a preexisting, unambiguous, and particularized pronouncement, by constitution, enactment or prior judicial decision, directing, prohibiting, or protecting the conduct in question" so that the matter is not one of conjecture or interpretation.") (cleaned up).

Lastly, the Harristons are also not entitled to summary judgment on their hostile work environment claim. To establish a claim for a hostile work environment under § 1981, a "plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's . . . race; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." <u>Boyer-Liberto</u>, 786 F.3d at 277. As explained below—even assuming without deciding that there was unwelcome conduct—there are disputes of fact as to whether any such conduct created an abusive or work environment, or whether such conduct was attributable to Ciara Harriston's race. For instance, the Harristons allege that Ciara Harriston was removed from company emails; was run off the road; was bumped by a cart in the store; was in a tractor trailer while it was moved; was given work her white co-workers were not; and that her visual merchandizing work was sabotaged. (Mot. ¶¶ 2–9). Defendants, however, argue that many of these events never happened or offer non-discriminatory explanations for the limited events they concede occurred. (Opp'n at 14). Kotras attests that he "required all employees, regardless of race, to complete their assigned job duties including tidying the stockroom" and that he did not give Ciara Harriston "a corrective action when the stockroom was not cleaned." (Kotras Decl. ¶ 5). He denies sabotaging any of Ciara Harriston's visual merchandizing work or running Ciara Harriston's car off the road. (<u>Id.</u> ¶¶ 7, 9). He admits that Ciara Harriston was removed from an email distribution list but deems that administrative error. (<u>Id.</u> ¶ 8). Similarly, he admits he was present when another employee bumped a cart into Ciara Harriston but attests it was an accident. (<u>Id.</u> ¶ 10).

Kevin Lewis' declaration similarly denies many of the Harristons' allegations. For instance, he also denies sabotaging Ciara Harriston's visual merchandizing work or running Ciara Harriston's car off the road. (Lewis Decl.¶¶ 5, 7). He admits to being aware of the trailer incident but attests that Target investigated the "incident with the truck and Ms. Harriston was given the opportunity to look at camera footage of the incident during this investigation." (Id.¶ 10). The limited exhibits the Harristons offer as evidence to support summary judgment, namely photos of mannequins, of a stockroom, and a computer screenshot, do not overcome Kotras and Lewis' sworn declarations that dispute many of the Harristons' claims. Accordingly, the Court will deny summary judgment on the Harristons' § 1981 retaliation, constructive discharge, and hostile work environment claims.[4]

### ii.    Discrimination

The Harristons also seek summary judgment as to their discrimination claim under § 1981. (Mot. at 2). Defendants argue summary judgment is inappropriate as a matter of law. (Opp'n at 20–21). The Court agrees with Defendants for the reasons below.

---

[4] On Reply, the Harristons argue that Kotras and Lewis' declarations are misleading and incorrect. (Pls.' Reply Def.'s Mem. L. Opp'n Pls.' Partial Mot. Summ. J. at 2, ECF No. 100). The Court nevertheless considers the declarations in its analysis and otherwise declines to make credibility determinations at the summary judgment stage. See Ferrell v. Harris Ventures, Inc., 812 F.Supp.2d 741, 746 (E.D.Va. 2011) ("The authorities make clear that the Court may not make credibility determinations at the summary judgment stage . . . . This principle is especially true in cases in which witnesses tell contradictory versions of the same events . . . . Credibility determinations . . . are jury functions, not those of a judge.") (cleaned up).

When examining race discrimination claims under § 1981, courts use the burden-shifting framework established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 (1973). Under that framework, "the plaintiff must establish a prima facie case for race discrimination by showing (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." <u>Giles v. Nat'l R.R. Passenger Corp.</u>, 59 F.4th 696, 703–04 (4th Cir. 2023). To constitute an adverse employment action, the conduct alleged must adversely affect the terms, conditions, or benefits of the plaintiff's employment. <u>See</u> <u>Munday v. Waste Mgmt. of N. Am., Inc.</u>, 126 F.3d 239, 243 (4th Cir. 1997).

Applying these elements, the Court finds that the Harristons are not entitled to summary judgment on their § 1981 claims. As an initial matter, the Court finds there are material facts precluding an entry of summary judgment on this discrimination claim in light of Kotras' declaration that he did not discriminate against Ciara Harriston on account of her race and Lewis' declaration that he never took any action with the intention to make Ciara Harrison quit her job. (Kotras Decl. ¶ 4; Lewis Decl. ¶ 12). Accordingly, the Court will deny summary judgment on the Harristons' § 1981 discrimination claim.

### iii.    OSHA, MOSHA, HIPPA, and Workers Compensation

Defendants additionally argue the Harristons cannot succeed on summary judgment on their OSHA, MOSHA, HIPPA, and workers' compensation claims. (Opp'n at 19–20). The Court agrees and will deny the Harristons summary judgment as to their OSHA, MOSHA, and HIPPA claims because there is no private right of action under any of these

statutes. See Burnett v. Aldi, Inc. Md., No. 1:23-00376-JRR, 2024 WL 51129, at *11 (D.Md. Jan. 4, 2024) (dismissing a plaintiff's OSHA claim because there is no private right of action under the statute); Boucher v. Best Care PT/OT Serv., No. GLR-13-1699, 2013 WL 12242235, at *3 (D.Md. Nov. 12, 2013) ("[T]he exclusive remedy for a MOSHA related wrongful discharge is provided under the Maryland code, thus a private right of action does not exist"); Payne v. Taslimi, 998 F.3d 648, 660 (4th Cir. 2021) (explaining there is "no private right of action under HIPAA.").

The Court will additionally deny summary judgment as to the Harristons' workers compensation claim because the exclusive remedy for an injury for an employee arising out of and in the course of her employment is the Maryland Workers' Compensation Act, and those remedies must be pursued before the proper Maryland state agencies and state courts. Jeffries v. Wal-Mart Stores E., LP, No. GJH-15-473, 2016 WL 430479, at *4 (D.Md. Feb. 3, 2016) (citing Md. Code Ann., Lab. & Empl. § 9-509). Accordingly, the Court will deny summary judgment on the Harristons' OSHA, MOSHA, HIPPA, and workers compensation claims.[5]

---

[5] Additionally, even liberally construing the Harristons' Motion as one for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), the Motion fails because, as explained above, there are material facts to be resolved. See United States v. Castillo, No. PWG-19-3459, 2021 WL 825974, at *3 (D.Md. Mar. 4, 2021) ("A motion for judgment on the pleadings 'should not be granted unless it appears to a certainty that the non-moving party cannot prove any set of facts in support of its claim that would entitle it to relief.'" (quoting Shooting Point, LLC v. Cumming, 238 F.Supp.2d 729, 735 (E.D.Va. 2002))).

### III.    CONCLUSION

For the foregoing reasons, the Court will deny the Harristons' Partial Motion for Summary Judgment (ECF No. 89). As Defendants have already answered the Harristons' Amended Complaint (ECF No. 70), the Court will set in a teleconference with respect to discovery in this case. A separate Order follows.

Entered this 2nd day of December, 2024.

_____/s/_____

George L. Russell, III
Chief United States District Judge

12