IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CIARA KENDRA HARRISTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-23-2795 |
| TARGET CORPORATION, et al., | * | |
| Defendants. | * | |

\*\*\*
**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants Target Corporation, Brian C. Cornell, Richard Kotras, Melissa Kremer, Emily Herbert, John Mulligan, Mark Schindele, Brandon Nickel, Mariah King, Jermaine Martin, Rob Sexton, Samir Shah, Kevin Lewis, Keri Deacon, Justin Bruner, and Sarah Svoboda's Partial Motion for Judgment on the Pleadings (ECF No. 129), and self-represented Plaintiff Ciara Harriston's Motion for Joinder (ECF No. 133), Motions to Compel (ECF Nos. 135, 136), and Motion to Dismiss (ECF No. 145). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant Defendants' Motion for Judgment on the Pleadings and deny Harriston's Motion for Joinder, Motions to Compel, and Motion to Dismiss.

## I. BACKGROUND

### A. Factual Background

The Court has previously described the factual background of this case in its September 25, 2024 and December 2, 2024 Memorandum Opinions and need not reproduce the background here. (See Sept. 25, 2024 Mem. Op. at 2–6, ECF No. 93); (Dec. 2, 2024 Mem. Op. at 1–3, ECF No. 101).[1] In summary, Ciara Harriston alleges that while she was employed at Target in Pikesville, Maryland as a visual merchandiser in 2020, her managers, Rick Kotras and Kevin Lewis, discriminated and retaliated against her on account of her race, leading to her constructive discharge. (See Sept. 25, 2024 Mem. Op. at 2–6; Dec. 2, 2024 Mem. Op. at 1–3).

### B. Procedural History

On October 16, 2023, Ciara and Charissa Harriston filed a lawsuit against Craig Bland, Justin Bruner, Brian C. Cornell, Kerri Heard, Emily Herbert, Mariah King, Richard Kotras, Melissa Kremer, Kevin Lewis, Jermaine Martin, John Mulligan, Brandon Nickel, Mark Schindele, Corey Schmidt, Rob Sexton, Samir Shah, Sarah Svoboda, and Target Corporation. (ECF No. 1). On March 25, 2024, the Harristons filed an Amended Complaint. (ECF No. 58). The six-count Amended Complaint alleges: discrimination in violation of 42 U.S.C. § 1981 (Count I); retaliation in violation of 42 U.S.C. § 1981 (Count II); negligent supervision (Count III); hostile work environment (Count IV); intentional infliction of mental distress (Count V); and constructive discharge (Count VI). (Am.

---

[1] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Compl. at 26, ECF No. 58). On April 8, 2024, Defendants filed a Partial Motion to Dismiss. (ECF No. 69).

On September 25, 2024, this Court issued a Memorandum Opinion and Order granting Defendants' Motion to Dismiss in part and denying it in part. (Sept. 25, 2024 Mem. Op. at 1, ECF No. 93; Sept. 25, 2024 Order, ECF No. 94). The Court dismissed Harriston's 42 U.S.C. § 1983 claims as to Brian C. Cornell, Melissa Kremer, Emily Herbert, John Mulligan, Mark Schindele, Brandon Nickel, Mariah King, Jermaine Martin, Rob Sexton, Samir Shah, Keri Deacon, Justin Bruner, and Sarah Svoboda and dismissed the negligent supervision claim and intentional infliction of emotional distress claim as to all Defendants. (Sept. 25, 2024 Order).

On May 28, 2024, the Harristons filed a Partial Motion for Summary Judgment (ECF No. 89). On December 12, 2024, this Court denied the Harriston's Partial Motion for Summary Judgment in its entirety. (ECF Nos. 101, 102). On February 4, 2025, this Court held a scheduling conference and granted Charissa Harriston's Notice of Voluntary Dismissal. (ECF No. 128).

On February 13, 2025, Defendants filed the instant Motion for Judgment on the Pleadings, seeking judgment on the pleadings as to Harriston's claims under (1) the Health Insurance Portability and Accountability Act ("HIPAA"); (2) the Occupational Safety and Health Act ("OSHA"), (3) the Maryland Occupational Safety and Health Act ("MOSHA"), and (4) workers' compensation law. (ECF No. 129).

On February 14, 2025, Harriston filed a "Motion for Joinder of Party, Discovery and Compel Defendants to Produce John Doe Information" (ECF No. 133), and a "Motion

3

to Compel Defendants to Comply to State and Federal Court Rules and Attorney Ethics and Response in Opposition to Defendants' Motion for Partial Judgment on the Pleadings" (ECF No. 136). On February 27, 2025, Harriston filed a third Motion to Compel and Opposition to Defendants' Motion for Partial Judgment on the Pleading. (ECF No. 136).

On February 27, 2025, Defendants filed oppositions to these Motions. (ECF Nos. 137–38). Harriston filed a Reply in support of her Motion for Joinder on March 13, 2025 (ECF No. 143) and a Reply in support of her Motion to Compel on March 14, 2025 (ECF No. 144). Harriston then filed a Motion to Dismiss and alternatively for Reconsideration on March 14, 2025. (ECF No. 145). Defendants filed an Opposition to the Motion to Dismiss on March 28, 2025. (ECF No. 146). Harriston filed a Reply on April 14, 2025. (ECF No. 147).

## II.    DISCUSSION

### A.    Motion for Judgment on the Pleadings

The Court will address the Motions in the order they were filed. The Court will accordingly first consider Defendants' Motion for Judgment on the Pleadings. (ECF No. 129). Under the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The Court applies the same standard to Rule 12(c) motions for judgment on the pleadings and 12(b)(6) motions to dismiss for failure to state a claim. Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014). The Court tests "the sufficiency of a complaint" but will not "resolve contests surrounding the facts, the merits of a claim, or

4

the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).

In considering a 12(c) motion, "all well-pled facts are assumed to be true and all reasonable inferences are drawn in favor of the non-moving party." Language Drs., Inc. v. MCM 8201 Corp, LLC, No. PWG-20-1755, 2021 WL 718940, at *3 (D.Md. Feb. 24, 2021). "Ultimately, a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." Somerville v. W. Town Bank & Trust, No. PJM-19-490, 2020 WL 8256358, at *1 (D.Md. Dec. 4, 2020) (cleaned up). "Moreover, unlike a Rule 12(b)(6) motion, a Rule 12(c) motion requires the court to consider and decide the merits of the case, on the assumption that the pleadings demonstrate that there are no meaningful disputes as to the facts such that the complaint's claims are ripe to be resolved at this very early stage of the litigation." Id. (cleaned up). A motion for judgment on the pleadings "should not be granted unless it appears to a certainty that the non-moving party cannot prove any set of facts in support of its claim that would entitle it to relief." United States v. Castillo, No. PWG-19-3459, 2021 WL 825974, at *3 (D.Md. Mar. 4, 2021) (quoting Shooting Point, LLC v. Cumming, 238 F.Supp.2d 729, 735 (E.D.Va. 2002)).

Defendants ask the Court to enter judgment in its favor with respect to Harriston's claims under HIPAA, OSHA, MOSHA, and workers' compensation law. (Defs.' Mem. Supp. Mot. Partial J. Pleadings at 1, ECF No. 129). Defendants argue they are entitled to judgment on these claims because HIPAA, OSHA, and MOSHA do not provide a private right of action for individuals, and the exclusive remedy for an injury for an employee

5

arising out of and in the course of her employment is the Maryland Workers' Compensation Act. (Id.). The Court agrees with Defendants for the reasons set forth below.

OSHA, MOSHA, and HIPAA claims do not provide a private right of action. See Burnett v. Aldi, Inc. Md., No. 1:23-00376-JRR, 2024 WL 51129, at *11 (D.Md. Jan. 4, 2024) (dismissing a plaintiff's OSHA claim because there is no private right of action under the statute); Boucher v. Best Care PT/OT Serv., No. GLR-13-1699, 2013 WL 12242235, at *3 (D.Md. Nov. 12, 2013) ("[T]he exclusive remedy for a MOSHA related wrongful discharge is provided under the Maryland code, thus a private right of action does not exist."); Payne v. Taslimi, 998 F.3d 648, 660 (4th Cir. 2021) (explaining there is "no private right of action under HIPAA."). Where there is no private right of action, Harriston cannot prove any set of facts that would entitle her to relief. Nothing Harriston offers in her Opposition changes this result. Accordingly, the Court will grant judgment on the pleadings in favor of Defendants for the OSHA, MOSHA, and HIPAA claims.

The Court will additionally grant judgment to Defendants as it relates to Harriston's workers' compensation claim because the exclusive remedy for an injury for an employee arising out of and in the course of her employment is the Maryland Workers' Compensation Act, and those remedies must be pursued before the proper Maryland state agencies and state courts. Jeffries v. Wal-Mart Stores E., LP, No. GJH-15-473, 2016 WL 430479, at *4 (D.Md. Feb. 3, 2016). Specifically, the Maryland Workers' Compensation Act provides the exclusive remedy for injury to an employee arising out of and in the course of her employment. See Md. Code Ann., Lab. & Empl. § 9-509; Hart v. Harbor Court Assocs., 46 F.Supp.2d 441, 444 n.4 (D.Md. 1999). Those claims must be first brought before the

Maryland Workers' Compensation Commission and appealed to a Maryland circuit court. See Md. Code Ann., Lab. & Empl. §§ 9-714, 9-738. Thus, even if Harriston's Complaint alleged that she initiated these claims through the appropriate state agencies and wished to appeal those decisions, this Court would be without power to consider them. Accordingly, the Court will grant judgment on the pleadings to Defendants as to Harriston's workers' compensation, OSHA, MOSHA, and HIPAA claims. The Court will direct the Clerk to terminate defendants Brian C. Cornell, Melissa Kremer, Emily Herbert, John Mulligan, Mark Schindele, Brandon Nickel, Mariah King, Jermaine Martin, Rob Sexton, Samir Shah, Keri Deacon, Justin Bruner, and Sarah Svoboda from this litigation as no claims will remain pending as to these defendants.

**B.    February 14, 2025 Motion for Joinder of Party, Discovery and to Compel**

On February 14, 2025, Harriston filed a Motion for "Joinder of Party, Discovery, and to Compel Defendants to Produce John Doe Information for the Court." (ECF No. 133). In it, Harriston asks this Court for an order to join "John Doe, an unknown man, who removed a trailer from Target, with the Plaintiff Ciara Harriston inside, as a necessary Party Defendant in this action, and to initiate discovery against John Doe, pursuant to Rules 19 and 20 of the Federal Rules of Civil Procedure." (Feb. 14 Mot. Joinder ¶ 1, ECF No. 133). Defendants argue that Harriston's Motion fails to comply with Rule 15 of the Federal Rules of Civil Procedure, which governs amendment of a complaint and the law-of-the-case doctrine. (Defs.' Opp'n Pl.'s Feb. 14 Mot. Joinder at 3–5, ECF No. 137). The Court agrees with Defendants for the reasons set forth below.

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Additionally, pleadings drafted by self-represented parties are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Here, Harriston has already amended her Complaint (See ECF No. 58), and the Court previously denied Harriston's request to amend her Complaint for a second time, finding that any such amendment would be futile. (Sept. 25 Mem. Op. at 1 n.1). Liberally construing her Motion, to the extent that Harriston again seeks to amend her Complaint to add a new defendant, the Court finds no reason to disturb its previous ruling denying such a request. Further, to the extent Harriston relies on Rule 19, Harriston has not established how John Doe is a necessary party to this litigation. "Generally, joinder under Federal Rule of Civil Procedure 19 is required when the person's absence would prevent the court from according complete relief among the parties, would impair an existing party's ability to protect its interest, or leave an existing party subject to a substantial risk of facing double or multiple obligations." Birara v. Kelel, No. TDC-17-3241, 2019 WL 3208685, at *7 (D.Md. July 16, 2019); Fed.R.Civ.P. 19(a)(1). Here, Harriston seeks to add an unidentified

8

person who operated a trailer truck that allegedly left the Target parking lot with her still inside of it. (Feb. 14 Mot. Joinder ¶ 1). The Court does not find this unknown party to be a necessary party to the remaining claims pending in this litigation, which only involve allegations as to her two supervisors who are already named defendants in this action.

Harriston also references the rule for permissive joinder. (Id.). Federal Rule of Civil Procedure 20 provides that defendants may be joined in one action if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions, and any question of fact common to all defendants will arise in the action. Fed.R.Civ.P. 20(a)(2). For all these same reasons as the Court explained under Rule 19, joinder under Rule 20 is also inappropriate at this stage of the litigation.

Last, any reliance on Rule 37 is misplaced because a motion to compel discovery must include a certification of good faith that the party tried to obtain such information without court action. Fed.R.Civ.P. 37(a)(1). Harriston has not engaged in such efforts. (See Defs.' Opp'n Pl.'s Feb. 14 Mot. Joinder at 7). Accordingly, Harriston's Motion to Compel will be denied.

C.     **February 17, 2025 Motion to Compel**

On February 17, 2025, Harriston filed a Motion to Compel Defendants to Comply with various federal rules and attorney rules of ethics. (ECF No. 135). Harriston alleges that Defendants are not complying with the Federal Rules of Civil Procedure because they are "trying to get ruling on claims, after they became moot to the case, without allowing the Plaintiff right to proper litigation on the pleadings." (Feb. 17, 2025 Mot. Compel at 3,

9

ECF No. 135-1). To extent Harriston asserts that Defendants have violated the Local Rules or Federal Rules of Civil Procedure, the Court disagrees. Indeed, to the contrary, the Court has cautioned Harriston to comply with the Local Rules and Federal Rules of Civil Procedure. (See Oct. 18, 2024 Order at 1 n.1, ECF No. 118; Dec. 16, 2024 Order at 1, ECF No. 106). Harriston additionally appears to argue that several of her claims are "moot," and that Defendants' Motion for Judgment on the Pleadings, therefore, is "unconstitutional." (Feb. 17, 2025 Mot. Compel at 1, ECF No. 135-1). Harriston's arguments are without merit because the claims Defendants moved for judgment on were not moot. At bottom, Harriston provides no factual or legal support for the relief that she seeks, and the Court will accordingly deny Harriston's second Motion to Compel (ECF No. 135).

**D.     February 27, 2025 Motion to Compel**

On February 27, 2025, Harriston filed a Motion to Compel and Opposition to Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 136). In it, Harriston raises much of the same arguments as in the two previous motions to compel, (see e.g., Feb. 27, 2025 Mot. Compel at 1, ECF No. 136-1) (alleging defendants violated state and federal court rules and attorney ethics), so the Court need not address the allegations in detail. Harriston again provides no factual or legal support for the relief that she seeks, and the Court will accordingly deny Harriston's third Motion to Compel.

**E.     Motion to Dismiss**

The Court next turns to Harriston's Motion to Dismiss. In it, Harriston alleges that: this Court and defense counsel improperly collaborated; this Court engaged in favoritism toward Defendants; and this Court has a "clear bias against Plaintiff," among other things.

(Pl.'s Mem. Supp. Mot. Dismiss Mot. Dismiss ["Mot. Dismiss"] at 2–10, ECF No. 145-1). As a result, Harriston requests for this Court to dismiss this case without prejudice. In the alternative, Harriston requests a hearing to "assess the full extent of judicial misconduct," a recusal and change of venue, and reconsideration of prior motions. (Mot. Dismiss at 2, ECF No. 145). For the reasons set forth below, the Court will deny Harriston's Motion to Dismiss and will deny her alternative grounds for relief.

Voluntary dismissal is governed by Rule 41 of the Federal Rules of Civil Procedure. To evaluate whether the Rule 41(a)(2) dismissal is appropriate, the court looks at "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation, i.e., whether a dispositive motion is pending." McCarty v. Democracy Int'l, No. DKC 14-3990, 2015 WL 5315784, at *4 (D.Md. Sept. 10, 2015).

Here, three of the four factors cut in favor of Defendants. As to the first factor, Defendants assert they have spent great effort and expense in this case because they have been litigating this matter for over a year and have incurred over $100,000 in attorney's fees, which the Court finds compelling. (Def.'s Opp'n Mot. Dismiss at 6, ECF No. 146). The second factor as to excessive delay or lack of diligence is neutral. The third and fourth factors weigh in favor of Defendants. As to the third factor, insufficient explanation for the need of dismissal, the Court finds Harriston's explanation insufficient because she makes baseless allegations against the integrity of this Court and of Defendants in support for her request of a dismissal. (Mot. Dismiss at 2–10). As to the fourth factor, the present stage of

11

litigation counsels against dismissal because Defendants filed a dispositive Motion for Judgment on the Pleadings (ECF No. 129) before Harriston filed the Motion to Dismiss (ECF No. 145). Defendants would face prejudice in having this action dismissed only to begin anew from the pleading stage. See Steves & Sons, Inc. v. JELD-WEN, Inc., 323 F.R.D. 232, 237 (E.D.Va. 2017) ("It is well-settled that a party cannot seek a voluntary dismissal with the hope of avoiding rulings that have been adverse to it in a pending case. That constitutes prejudice to the party who prevailed on those motions."). As a result, Harriston's Motion to Dismiss will be denied.

      To the extent Harriston moves for recusal, that request will also be denied. A party moving for recusal under 28 U.S.C. § 144 must file a "timely and sufficient" affidavit showing that the "judge before whom the matter is pending has a personal bias or prejudice" toward one of the parties. 28 U.S.C. § 144. A judge's purported "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." Belue v. Leventhal, 640 F.3d 567, 572–73 (4th. Cir. 2011) (concluding that judge's opinions formed during the proceedings did not necessitate the judge's disqualification) (quoting Liteky v. United States, 510 U.S. 540, 545, 551 (1994)). Recusal is not required simply because the judge has issued adverse rulings against a litigant or expressed negative opinions about his case. Id. at 555. As stated, Harriston asserts no facts other than conclusory allegations to show personal bias or prejudice to warrant recusal. Accordingly, the Court will deny Harriston's request for recusal.

Last, Harriston requests for change of venues because she has "lost confidence in receiving a fair trial in the District of Maryland" and wants to "ensure the case is heard before a neutral and impartial court." (Aff. Ciara Harriston at 2, ECF No. 145-2). The venue statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Harriston argues that the United States District Court for the District of Maryland is biased against her but has offers no showing of extrajudicial bias to support that argument. Further, Harriston has not shown that the District of Maryland is an inconvenient venue for the parties, nor has she named another forum that may be proper or convenient. As a result, Harriston's request for a change of venue is without merit and will be denied.

**F.     Motion for Reconsideration**

Harriston also styles her Motion to Dismiss as a Motion for Reconsideration. Although the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," Rule 59(e) authorizes a district court to alter or amend a prior final judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). Motions brought under Rule 59(e) must be filed within twenty-eight days of the final judgment. Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). A district court may only alter or amend a final judgment under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States ex rel. Carter v.

13

Halliburton Co., 866 F.3d 199, 210 (4th Cir. 2017) (cleaned up). "A motion for reconsideration is not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (cleaned up).

Here, Harriston provides no support for an intervening change in the law, new evidence, or any clear error in law to prevent manifest injustice. Instead, the Court views Harriston's Motion for Reconsideration as a blatant attempt to "relitigate a case after the court has ruled against a party," which is precisely the type of improper relief courts rule against in motions for reconsideration. Lynn, 953 F.Supp.2d at 612. The Court will accordingly deny Harriston's Motion for Reconsideration (ECF No. 145).[2]

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion for Judgment on the Pleadings. (ECF No. 129). The Court will deny Harriston's Motion for Joinder, Motions to Compel, and Motion to Dismiss. (ECF Nos. 133, 135, 136, 145). A separate Order follows.

Entered this 25th day of April, 2025.

/s/
George L. Russell, III
Chief United States District Judge

---

[2] In her Reply, Harriston requests a stay. (Reply Supp. Mot. Dismiss at 1, ECF No. 147). The Court has already stayed proceedings in this matter before. (Dec. 16 2024 Order at 1, ECF No. 106). Accordingly, the Court finds that no further stay is warranted at this time.